**IN THE UNITED STATES DISTRICT COURT  
FOR THE NORTHERN DISTRICT OF TEXAS  
DALLAS DIVISION**

| | |
|---|---|
| **SENRICK SHERN WILKERSON,** § | |
| Plaintiff, § | |
| § | |
| vs. § | **Civil Action No. 3:15-CV-2162-G** |
| § | |
| **STATE PROSECUTOR BROOKE** § | |
| **GRONA-ROBB,** § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this action has been automatically referred for pretrial management. Before the Court is *Defendant Brooke Grona-Robb's Motion to Dismiss and Brief in Support Under Fed. R. Civ. P. 12(b)(1) and (6) and Failure to Comply with this Court's Previously-Imposed Sanctions Order*, filed July 13, 2015 (doc. 10). Based on the relevant filings and applicable law, the defendant's motions to dismiss should be **DENIED in part and GRANTED in part**.

**I. BACKGROUND**

On June 15, 2015, Senrick Wilkerson (Plaintiff) filed suit against Brooke B. Grona-Robb, a state prosecutor (Defendant), in the 162nd District Court of Dallas County, Texas (doc. 1-1 at 2, 4). He allege that Defendant violated his civil rights and constitutional rights and his right to due process during the prosecution of four criminal cases against him: F10-01182 (sexual performance of a child), F10-01183 (sexual performance of a child), F10-01184 (sexual assault of a child), and F10-01185 (compelling prostitution).[1] He claims that the indictments were forged and not supported by probable cause, that there were no complaint affidavits, and that Defendant did not present the cases to a magistrate judge or a grand jury. Plaintiff asserts that he was never taken before a

---

[1] Plaintiff was convicted on December 17, 2010, in Nos. F08-60213 (compelling prostitution), F10-01183 (sexual performance of a child), and F10-01184 (sexual assault of a child) in Criminal District Court No. 3 of Dallas County, Texas. *Wilkerson v. Stephens*, No. 3:15-CV-476-P, 2015 WL 1005329 at *3 (N.D. Tex. March 5, 2015).

magistrate judge, given an opportunity to post bail, informed of his right to an examining trial, informed of his right to counsel of his choice, informed of his *Miranda* rights, or arraigned, and that he never participated in any first preliminary initial appearance hearings. He seeks monetary damages, documents from his criminal cases, and to have "the F08-60214 compelling prostitution against Terri J. Jennings be dismissed with prejudice."[2] Plaintiff also seeks to be acquitted and exonerated in Cause Nos. F08-60213, F10-01183, and F10-01184.

Plaintiff has previously filed numerous civil actions over his prosecution in Cause Nos. F08-60213, F10-01183, and F10-01184. *See Wilkerson v. Grona-Robb, et al.*, No. 3:13-CV-2634-O (N.D. Tex. September 4, 2013) (claims barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because plaintiff's convictions had not been set aside); *Wilkerson v. Watkins*, No. 3:13-CV-1326-M (N.D. Tex. December 16, 2013) (claims against district attorney barred by res judicata and *Heck*); *Wilkerson v. Dallas Police Dep't, et al.*, No. 3:12-CV-1832-K (N.D. Tex. July 12, 2012) (complaint dismissed as malicious for seeking to relitigate frivolous claims); *Wilkerson v. Texas, et al.*, No. 3:12-CV-1830-L (N.D. Tex. July 31, 2012) (claims barred by *Heck*); *Wilkerson v. Grona-Robb, et al.*, No. 3:11-CV-1242-N (N.D. Tex. November 10, 2011) (claims against prosecutor barred by prosecutorial immunity and *Heck*); *Wilkerson v. Brooke, et al.*, No. 3:11-CV-659-B (N.D. Tex. May 18, 2011) (claims against prosecutor barred by prosecutorial immunity and *Heck* ). In four of those cases, Nos. 3:13-CV-2634-O, 3:12-CV-1830-L, 3:11-CV-659-B, and 3:11-CV-1242-N, Plaintiff sued Defendant.

On June 26, 2015, Defendant removed this case to federal court under 28 U.S.C. §§ 1441 and

---

[2] Plaintiff's state court petition did not assert any claims against Defendant based on Cause No. F08-60214, and it contains no facts about the case, including whether he was even a defendant, whether that case was dismissed, or whether he was convicted or acquitted.

2

1446 and 28 U.S.C. § 1343(a) (doc. 1). On July 13, 2015, she moved to dismiss the complaint. (*See* doc. 10). Plaintiff has responded (docs. 12, 26, and 27), and the motion is ripe for decision.

## II.  RULE 12(b)(1)

Defendant moves to dismiss Plaintiff's claims under Rule 12(b)(1) on grounds his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (*See* doc. 10).

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. *Home Builders Assoc., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* When the court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

In *Heck*, the Supreme Court held that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called

3

into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. 512 U.S. at 486-87. Until a plaintiff has made this showing, a claim that falls within *Heck's* parameters "is not cognizable under 42 U.S.C. § 1983." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). A plaintiff "cannot state a claim" so long as the validity of his conviction has not been called into question." *Id.* Accordingly, a claim barred by *Heck* is not subject to dismissal for lack of subject matter jurisdiction under Rule 12(b)(1), but instead should be dismissed under Rule 12(b)(6) "with prejudice to being asserted again until the *Heck* conditions are met." *See id.*; *see also Mendia v. City of Wellington*, 2011 432 F. App'x 796, 797 n. 1 (10th Cir. Aug. 15, 2011) ("a dismissal under *Heck* is for failure to state a claim, which falls under Rule 12(b)(6)"), citing *Hafed v. Fed. Bur. of Prisons*, 635 F.3d 1172, 1178 (10th Cir.2011).

Because Defendant has also moved to dismiss under Rule 12(b)(6) based on *Heck*, construction of her Rule 12(b)(1) motion as arising under Rule 12(b)(6) is unnecessary. The motion under Rule 12(b)(1) should be denied.

### III.  RULE 12(b)(6)

Defendant moves to dismiss Plaintiff's claims under Rule 12(b)(6) on grounds that he failed to comply with a sanctions order and that his claims are barred by res judicata, absolute prosecutorial immunity, qualified immunity, and *Heck*. (*See* doc. 10).

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). "Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d

4

191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Likewise, documents "attache[d] to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d at 281. The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a

complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

**A.     Sanctions Orders**

Plaintiff is a *pro se* prisoner and vexatious litigant who has filed numerous lawsuits about the prosecution of the state criminal cases that are the subject of this lawsuit.  *See Wilkerson v. Brooke, et al.*, No. 3:11-CV-659-B (N.D. Tex.); *Wilkerson v. Grona-Robb, et al.*, No. 3:11-CV-1242-N (N.D. Tex.); *Wilkerson v. Texas, et al.*, No. 3:12-CV-1830-L (N.D. Tex.); *Wilkerson v. Dallas Police Dep't, et al.*, No. 3:12-CV-1832-K (N.D. Tex.); *Wilkerson v. Watkins*, No. 3:13-CV-01326-M (N.D. Tex.); *Wilkerson v. Thaler*, No. 3:13-CV-1694-M (N.D. Tex.); *Wilkerson v. Dallas County Courts, et al.*, No. 3:13-CV-1852-M (N.D. Tex.); *Wilkerson v. Texas*, No. 3:13-CV-2634-O (N.D. Tex.); and *Wilkerson v. Texas, et al.*, No. 3:13-CV-4217-O (N.D. Tex.).  In two of these cases, Nos. 3:11-CV-659-B and 3:11-CV-1242-N, he also sued Defendant.

In *Wilkerson v. Watkins*, No. 3:13-CV-1326-M, 2013 WL 6602861 (N.D. Tex. Dec. 16, 2013), it was noted that Plaintiff had previously filed numerous suits in federal court based on the same criminal prosecutions at issue in the present case.  Plaintiff was sanctioned $200, and he was "barred from filing any other actions, motions, or pleadings of any kind challenging his conviction without first obtaining the permission of a district judge or magistrate judge." *Id.*  No. 3:13-CV-1326-M (docs. 139, 140), 2013 WL 6602861 at *1.  Defendant asserts Plaintiff failed to comply with that sanction order.

The sanction requiring Plaintiff to first obtain permission of a district judge or magistrate judge before filing an action applies to actions filed in federal court, and not actions filed in state court. *Phillips v. City of Dallas*, No. 3:14-CV-3131-M, 2015 WL 233336 at *2 (N.D. Tex. Jan. 14, 2015), citing *Ruston v. Dallas County, Texas*, No. 3:07-CV-1076-D, 2008 WL 968076 at *2 (N.D. Tex. April

9, 2008). Accordingly, the motion to dismiss should not be granted on this basis.

**B.**     *Heck*

As noted, Defendant also argues under Rule 12(b)(6) that Plaintiff's claims are barred by *Heck v. Humphrey* because he has not alleged or shown that his convictions have been set aside.

Plaintiff has unsuccessfully challenged the state convictions that are the subject of this lawsuit in state courts and through federal habeas corpus petitions. *See Wilkerson v. Stephens*, No. 3:15-CV-476-P, 2015 WL 1005329 (N.D. Tex. March 5, 2015) (habeas corpus petition denied). As found in several of his previous federal cases, Nos. 3:13-CV-2634-O, 3:13-CV-1326-M, No. 3:12-CV-1830-L, No. 3:11-CV-1242-N, and 3:11-CV-659-B, his current complaint raises claims that necessarily imply the invalidity of his state criminal convictions, and he has not alleged or shown that those convictions have been set aside. Plaintiff's claims are barred by *Heck v. Humphrey*.[3]

### III. ADDITIONAL SANCTIONS

As discussed, Plaintiff has previously been sanctioned in No. 3:13-CV-1326-M for his numerous filings in federal court. Because he has proceeded to file actions in state court that are subject to removal, the following sanction should be imposed:

> Senrick Wilkerson is prohibited from proceeding with any civil action in this Court whether he files it in this Court, he files it in another court and it is removed to this Court, or he files in another federal court and it is transferred to this Court, unless he obtains leaves to proceed from a district judge or magistrate judge of this Court.
>
> If a civil action is removed or transferred to this Court, the case will be subject to summary dismissal unless, within 30 days of the date of removal or transfer, Wilkerson seeks, in writing, leave to proceed from a district judge or magistrate judge of this Court.

---

[3] Because the complaint should be dismissed as *Heck*-barred, it is unnecessary to reach the remaining grounds for dismissal, i.e., res judicata, prosecutorial immunity, and qualified immunity. Notably, however, two of Plaintiff's prior cases against Defendant were dismissed based in part on prosecutorial immunity. *See* Nos. 3:11-CV-1242-N, 3:11-CV-659-B. A case against the district attorney was also dismissed based in part on res judicata. *See* No. 3:13-CV-1326-M.

*See Phillips v. City of Dallas*, No. 3:14-CV-3131-M, 2015 WL 233336 at *1 & 8 (N.D. Tex. Jan. 14, 2015) (imposing similar sanction); *Ruston v. Dallas County, Texas*, No. 3:07-CV-1076-D, 2008 WL 968076 at *5 (N.D. Tex. April 9, 2008) (imposing similar sanction).

## IV.  RECOMMENDATION

Defendant's motion to dismiss under Rule 12(b)(1) should be **DENIED**, her motion to dismiss under Rule 12(b)(6) based on a prior sanction order should be **DENIED,** and her motion to dismiss under Rule 12(b)(6) under *Heck v. Humphrey*, 512 U.S. 477 (1994) should be **GRANTED.** Plaintiff's action should be dismissed with prejudice to being asserted again until the *Heck* conditions are met, and the following **SANCTION** should be **IMPOSED**:

> Senrick Wilkerson is prohibited from proceeding with any civil action in this Court whether he files it in this Court, he files it in another court and it is removed to this Court, or he files in another federal court and it is transferred to this Court, unless he obtains leaves to proceed from a district judge or magistrate judge of this Court.
>
> If a civil action is removed or transferred to this Court, the case will be subject to summary dismissal unless, within 30 days of the date of removal or transfer, Wilkerson seeks, in writing, leave to proceed from a district judge or magistrate judge of this Court.

**SIGNED this 19th day of February, 2016.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE